UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL D. WELLS,<br><br>                       Plaintiff,<br><br>       -against-<br><br>GREEN HAVEN CORRECTIONAL<br>FACILITY,<br><br>                       Defendant. | 24-CV-2450 (LTS)<br><br>ORDER OF DISMISSAL UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Green Haven Correctional Facility ("Green Haven"), submitted two letter complaints: the first addressed to this Court and Acting Commissioner Daniel F. Martuscello of the New York State Department of Corrections and Community Supervision ("DOCCS"), and the second addressed to United States Attorney General Merrick Garland. In the letters, which were opened together as a new civil action, Plaintiff asserts that he is being subjected to unconstitutional conditions of confinement at Green Haven.

      Plaintiff filed the letters without the $405.00 in fees required to commence a civil action in this court. The Court therefore presumes that he seeks to proceed without the prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner unless he is in imminent danger of serious physical injury. *See Wells v. NYC Health and Hosp. Corp.*, ECF 1:12-CV-5858, 54 (S.D.N.Y. June 20, 2013). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff's letter complaints do not show that he is in imminent danger of serious physical injury.[1] Instead, he characterizes the conditions of his confinement at Green Haven as "a complete security risk, completely unprofessional, and a danger to the entire population," and lists a series of violations in support of his assertions, including the death of young prisoner, cell lockdowns, fights, health hazards such as bird feces and clogged vents in the cells, and staff shortage. (ECF 1, at 1.)[2] However, the majority of the letters consists of Plaintiff's assertions that since 2020, he is being denied adequate medical care at Green Haven.[3] His primary claim is that there is a "conspiracy to commit murder" because medical staff members have repeatedly fabricated medical tests results when "no real test were done," and have lied to him in response to his inquiries.[4] (*Id*. at 4.) Plaintiff's assertions do not suggest that he is in imminent danger of

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the amended complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

[3] On October 8, 2022, Plaintiff submitted a letter addressed to Judge Lewis J. Liman of this court, Senator Chuck Schumer, and Governor Kathy Hochul in which he raised similar claims regarding his medical treatment at Green Haven. That letter was also opened as a new civil action and Plaintiff was directed to show that he was in imminent danger of serious physical injury and to pay the filing fees or submit an IFP application and prisoner authorization. *See Wells v. Doe*, ECF 1:22-CV-1225, 7 (S.D.N.Y. July 5, 2023). In response to that order, Plaintiff submitted a declaration in which he claimed that he was suffering from serious medical issues, but he had not paid the filing fees or submitted an IFP application and prisoner authorization. The Court again directed him to pay the fees or submit the required documents to proceed without prepayment of fees. Because Plaintiff failed to respond to that order, on September 12, 2023, the Court dismissed that action without prejudice. ECF 1:22-CV-1225, 11.

[4] The Court notes that a prisoner's disagreement with the medical staff concerning his medical conditions and the proper treatment does not constitute deliberate indifference to his medical needs in violation of the Eighth Amendment. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("[M]ere disagreement over the proper treatment" is not actionable under 42 U.S.C. § 1983.) *see also Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists e timing of their intervention, are not

serious physical injury at the time the complaint was filed. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). Given Plaintiff's litigation history and the Court's previous direction in *Wells v. Doe*, ECF 1:22-CV-1225, 7, concerning the need for him to show that he is in immediate danger of physical injury to proceed with a new civil case, the Court finds that Plaintiff was or should have been aware that to proceed with his inadequate medical care claims he must state facts indicating that the imminent danger exception to the Section 1915(g) bar applied to his claims. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Because Plaintiff's letters do not provide a basis for granting him leave to proceed with this action based on imminent danger of serious physical injury, the Court dismisses this action without prejudice under Section 1915(g)'s "three-strikes" rule.[5]

## CONCLUSION

The Court dismisses this action without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains disqualified from filing any future action IFP while he is a prisoner unless he is under imminent threat of serious physical injury.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

adequate grounds for a Section 1983 claim.").

[5] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Clerk of Court is directed to enter judgment in this matter.

Dated:   April 8, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge